Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 292 | **DATE** | 3/24/2004 |
| **CASE TITLE** | Edward Strong vs. Edwin Torres, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion for Summary Judgment is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 2 6 2004 | 31 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 2004 MAR 25 PM 3:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 24 2004

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

EDWARD STRONG,

        Plaintiff,

v.

EDWIN TORRES, Badge Number 840, and GREGORY SMITH, Badge Number 29, and CITY OF COUNTRY CLUB HILLS,

        Defendants.

Case No. 03 C 292

Hon. Harry D. Leinenweber

DOCKETED
MAR 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward Strong ("Strong") brought suit against Defendants City of Country Club Hills ("City"), Edwin Torres ("Torres") and Gregory Smith ("Smith") asserting violations of his privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Count I alleges that police officers Torres and Smith unlawfully detained Strong and maliciously charged him with aggravated assault and battery. Count II claims that Torres and Smith violated Strong's right to freedom from unreasonable searches and seizures. Count III alleges that, through the tortious acts of Defendants and others, Strong "was deprived" of his property without due process of law. Finally, Count IV charges that Torres and Smith illegally searched Strong's automobile and illegally seized property from it. For the

31

following reasons, Defendants' motion for summary judgment is **GRANTED**.

## I. **LOCAL RULE 56.1 RESPONSES**

Local Rule 56.1 of the United States District Court for the Northern District of Illinois ("Local Rule 56.1") establishes procedures that both moving and opposing parties must follow in filing and responding to a motion for summary judgment. Under Local Rule 56.1, the moving party must submit a statement of material facts with "references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(a)(3)(hereafter, "56.1 Statements"). In turn, the opposing party must file "a response to each numbered paragraph in the moving party's statement," and, in the case of disagreement, provide specific references to supporting evidentiary material. Local Rule 56.1(b)(3)(A). If the opposing party does not respond and controvert the moving party's statement of material facts, those facts are deemed to be admitted for the purposes of the motion. Local Rule 56.1(b)(3)(B); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Here, Strong did not respond to Defendants' 56.1 Statements. Therefore, for the most part, Defendants' 56.1 Statements are admitted as true for purposes of compiling this factual record and this motion. However, Defendants' Statement 22 is admitted - but interpreted in a limited fashion, according to its underlying

factual support in the evidentiary materials. Statement 22 states that "Certain items the police gave back to [Strong], but everything that had to do with guns they did not return because his FOID card was revoked." Purportedly, this "uncontested fact" is based on page 120 of the transcript of Strong's deposition testimony. Reading that statement *in context* makes clear that Strong testified *only* that the police returned "everything" (excluding firearm-related items) on a property list prepared by the police. However, Strong also states on page 122 of his deposition transcript that "From my conversation that I overheard at the police station, I believe that the police officers took the computers and whatever else they wanted to take." Strong further testifies, on page 121, that "one of my neighbors told me that they saw people running in and out of my house, that the police left the doors wide open." Therefore, the Court admits the literal text of Statement 22 as neither side contests that the police returned "certain items" to Strong. However, the Court does not read Statement 22 to imply, as an uncontested fact, that the police returned *everything* not firearm-related to Strong.

## II. **FACTUAL BACKGROUND**

On the evening of January 14, 2001, Plaintiff Edward Strong ("Strong") noticed three men in a truck pull up and park in his driveway. The men, Pete Shimkus ("Shimkus"), Todd Osinski ("Osinski"), and Michael Gron ("Gron")(together "Repossessors")

announced that they were there to repossess his 2000 Mercedes CLK 430 automobile, parked in Strong's open garage. Strong told the Repossessors to get off his property. When one of the Repossessors responded by trying to grab Strong's car key, Strong pushed him. Shortly thereafter, the police arrived and both Strong and the Repossessors told the officers their sides of the story. The Repossessors reported to the police that Strong threatened them with a gun. According to Shimkus, Strong claimed to be a police officer during the confrontation. At that time, the police placed Strong under arrest, searched him, and escorted him to the police station. The police gave his car key to the Repossessors.

At the police station, the Repossessors all filed aggravated assault charges against Strong. The police officers then asked Strong for his consent to search his home. When Strong refused, the police officers obtained a search warrant and proceeded to search his residence. Upon consent from the Repossessors, the police also searched the Mercedes formerly belonging to Strong.

Strong claims that the police seized and did not return some items seized from his house, such as his three computers. The police contend that they have returned everything they took during the search, except for Strong's guns and ammunition because his Illinois FOID card was revoked. Some of Strong's neighbors report that the police left the doors to Strong's house open, and that various people ran in and out of his house with Strong's property.

Strong was never convicted of any charge in relation to the incidents of January 14, 2001.

### III. **STANDARD OF REVIEW**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" if it could affect the outcome of the suit under the governing law; a dispute is "genuine" where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The burden is initially upon the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In assessing the moving party's claim, the court must view all the evidence and any reasonable inferences that may be drawn from that evidence in the light most favorable to the nonmoving party. *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations" contained in its pleading, but rather "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Becker v. Tenenbaum-Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German*

*Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). It "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV. **DISCUSSION**

### A. Counts I and II

Under the Fourth Amendment, polices officers may conduct warrantless arrests and searches only upon a finding of probable cause. *United States v. Funches*, 327 F.3d 582, 586 (7th Cir. 2003). Probable cause "does not require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." *United States v. Carrillo*, 269 F.3d 761, 766 (7th Cir. 2001)(internal quotation omitted). Rather, probable cause demands only that "given the facts and circumstances within their knowledge at the time of arrest, the agents reasonably believed that the suspect had committed or was committing a crime." *Id.* In other words, "so long as the totality of the circumstances, viewed in a common sense manner, reveals a probability or substantial chance of criminal activity on the suspect's part, probable cause exists." *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001). Even if, *ex post facto*, probable cause is found not to have existed, "the probable cause standard permits reasonable mistakes by arresting

authorities based on the information then and there available."
*Id.*

Here, Defendants argue that the Repossessors' witness statements provided them with the requisite probable cause to arrest and search Strong. Although Defendants' brief does not specify further *what* specific statements provided this probable cause, presumably Defendants refer to the Repossessors' statements that Strong brandished a gun on them (creating probable cause that an assault took place), pushed one of them (creating probable cause that a battery took place) and claimed to be a police officer (creating probable cause that Strong wrongfully impersonated a peace officer).

In response, Strong does not deny that the Repossessors gave police those statements (indeed, since Strong did not reply to Defendants' Local Rule 56.1 Statements, the Court must accept as true for purposes of this motion that Repossessors in fact made those statements). Rather, Strong merely contends that probable cause for his arrest and search did not exist because Illinois law permitted him to display a firearm in defense of his real and personal property.

Without even reaching Strong's objection, it is clear that the Repossessors' statements unquestionably provided Defendants with the necessary probable cause to suspect Strong of committing a battery and impersonating a peace officer. Indeed, since Strong's

argument concerns only his alleged use of a gun, Strong does not even really contest probable cause on these grounds. Therefore, the Defendants clearly effectuated a lawful arrest based on probable cause for those charges. Additionally, since Defendants had probable cause on the charge of impersonating a peace officer, they also clearly had probable cause to conduct a warrantless search of Strong (and probable cause to obtain a warrant to search Strong's home) to see if Strong had peace officer identification or, conversely, to see if he had fraudulent identification.

That being said, and this time despite Strong's objection, the police also possessed probable cause to arrest Strong and conduct a search based upon the assault allegation. Strong contends that, assuming he brandished a gun at the Repossessors, he had a legal right to do so in defense of his real and personal property. This is because, according to Strong, the Repossessors constituted "trespassers" once he ordered them to leave, under 720 ILCS 5/21-3. In doing so, Strong clearly misstates Illinois law. Under Illinois law, Repossessors have a limited right to take possession of their collateral provided that they do not incite a "breach of the peace." 810 ILCS 5/9-503. By "breach of peace," the Statute "connotes conduct which incites or is likely to incite immediate public turbulence, or which leads to or is likely to lead to an immediate loss of public order and tranquility." *Chrysler Credit Corp. v. Koontz*, 661 N.E. 2d 1171, 1173 (Ill. App. Ct. 1996). This

is an inquiry engaged in "at the time of or immediately prior to repossession." Accordingly, it is not relevant whether the repossession in fact *caused* a breach of peace, but rather whether the Repossessors' conduct was of a type *likely* to breach the peace. In examining the issue, *Koontz* determined that repossessors are *not* trespassers under 720 ILCS 5/21-3 because they enjoy "enjoyed a limited privilege to enter Koontz's property for the sole and exclusive purpose of effecting the repossession." *Id.* at 1175. Repossessors only transform into trespassers when they breach the peace by overcoming obstacles such as "gates, barricades, doors, enclosures, buildings, or chains" to effectuate the repossession. *Id.*

Here, the Repossessors attempted to repossess a car parked inside an *open* garage. Accordingly, they were not trespassers and Strong had no self-defense right (if indeed he *ever* had a self-defense argument in the first place) to brandish a weapon at them. Therefore, the Repossessors' statements to the police certainly amounted to probable cause. It does not matter whether the Repossessors told the police the truth, as the probable cause standard permits police officers to make reasonable mistakes. *Mounts*, 248 F.3d at 715. This includes an allowance that probable cause may develop simply from unconfirmed hearsay. *People v. Denham*, 241 N.E.2d 415, 418 (Ill. 1968). Consequently, the Repossessors' statements to the police provided the police with the

requisite probable cause to arrest Strong for assault, and to acquire a search warrant to search Strong's house for a gun (in addition to searching it for peace officer identification). For the same reasons, the police also had probable cause to seize Strong's guns and ammunition found in his home.

The Court hereby grants summary judgment as to Count I and Count II.

### B. Count III

Strong's Count III states that "as a result of the further tortious acts of some or all of the defendants and others, including the seizure of following the search warrant, plaintiff was deprived of his property and use of his property, without due process of law, in violation of guarantees of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983." Note that Strong uses the passive voice, stating that he "was deprived of his property," without specifically stating *who* deprived him of his property.

After examining the factual record, in particular Strong's deposition testimony, it appears that Count III constructively encompasses two separate claims. The first Count III claim is a demand that the police return the weapons and ammunition they seized during the search of Strong's residence. With respect to this claim, the Court grants summary judgment. As stated above, the police had probable cause to make the seizures and, in the

absence of Strong possessing a valid FOID card, no legal ability to return them.

Count III's second claim demands redress for the loss of Strong's personal property unconnected to any criminal investigation, such as three computers. Strong presents two alternative theories to explain how he "was deprived" of this property. First, Strong claims that the police officers used the search of his home as an opportunity to appropriate his property for their personal use. Second, Strong speculates that the police left his house's door open after completing their search, facilitating a massive robbery. Under either theory, Strong has a cognizable legal claim. He does not, however, possess a legitimate *federal* claim. In *Parratt v. Taylor*, 451 U.S. 527, 542 (1981), the United States Supreme Court recognized "an important difference between a challenge to an established state procedure as lacking in due process and a property damage claim arising out of the misconduct of state officers." (Internal citation omitted). Specifically, the Court held, "the existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law" under the Fourteenth Amendment or § 1983. *Id*. Here, Strong's first theory alleges that the police acted as thieves - constituting a state law claim for conversion. Strong's second theory amounts to a claim

for property deprivation based on negligence, recklessness, or gross-indifference – another state-law action. Under either theory, Strong has recourse within the Illinois State courts and, therefore, no federal claim.

### C. Count IV

Strong also protests the police's search of "his" automobile as violating his rights under § 1983, and the Fourth and Fourteenth Amendments to the Constitution. For all the reasons stated above concerning the presence of probable cause, Strong's claim would fail even if the Court even needed to reach that issue. In reality, at the time the police commenced their search, the Repossessors had taken possession of the car and specifically granted their consent for the police to search it. Therefore, not only did the police have the right to search the car due to consent, but Strong has no standing to even contest the search as it was no longer his car at the time of search.

## V. CONCLUSION

For the reasons stated herein, the Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

Date: March 24, 2004

Harry D. Leinenweber, Judge
United States District Court

- 12 -